# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CITRUS CONTRACTING LLC,**

        **Plaintiff,**

**v.**                                            **Case No: 6:19-cv-1161-Orl-31LRH**

**PHILADELPHIA INDEMNITY
INSURANCE COMPANY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S AMENDED OPPOSED MOTION TO COMPEL APPRAISAL AND TO STAY LITIGATION AND DISCOVERY PENDING COMPLETION OF APPRAISAL (Doc. No. 16)**
>
> **FILED:**    July 31, 2019
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. BACKGROUND.

Plaintiff Citrus Contracting LLC, as assignee of Pat Knight ("the insured"), initiated this lawsuit against Defendant Philadelphia Indemnity Insurance Company in state court. Doc. No. 1-1. Defendant thereafter removed the case to this Court on the basis of diversity jurisdiction. Doc. No. 1. In the complaint, Plaintiff alleges that the insured purchased an insurance policy from Defendant, covering property located at 1776 Minnesota Avenue, in Winter Park, Florida. Doc. No. 1-1 ¶ 6. Plaintiff alleges that on July 4, 2017, the insured's property sustained damage. *Id.* ¶

8. The insured contacted Plaintiff to provide the necessary repair services, in exchange for which the insured agreed to assign his rights under the policy to Plaintiff. *Id.* ¶ 9. Plaintiff submitted reasonable bills and estimates to Defendant for Plaintiff's services, but Defendant either underpaid or failed to pay the full the value for Plaintiff's services. *Id.* ¶ 10. Therefore, Plaintiff sued Defendant for breach of contract. *Id.* at 3–4.

On July 31, 2019, Defendant filed an Amended Opposed Motion to Compel Appraisal and to Stay Litigation and Discovery Pending Completion of Appraisal. Doc. No. 16. Defendant states that the insurance policy provides as follows:

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

\* \* \*

**2. Appraisal**

If we and you disagree on the value of the property or the amount of "**loss**", either may make written demand for an appraisal of the "**loss**". In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and the amount of "**loss**". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we still retain our right to deny the claim.

*Id.* at 2; *see* Doc. No. 24-1, at 150 (certified copy of insurance policy number PHPK1553961, Form PI-ULT-007 11.98).[1]

---

[1] Upon review of the motion to compel appraisal, a copy of the subject insurance policy was not included with Defendant's motion, nor did it otherwise appear to be in the record. Accordingly, I ordered

Defendant states that after receiving notice of the insured's loss, it promptly investigated the claim and began adjusting the loss. Doc. No. 16, at 2. However, Defendant determined that the total damage was less than the 2% applicable deductible on each of the buildings at issue, and although it acknowledged coverage, it tendered no payment. *Id.* Defendant asserts that a clear dispute exists over the value of the claim and the repairs, and the only outstanding issue is the cash value owed to Plaintiff under the terms of the insurance policy. *Id.* at 3, 4.

Plaintiff did not respond to the motion to compel appraisal, and the time for doing so has expired. Therefore, the undersigned considers the motion to be unopposed. *See* Local Rule 3.01(b). The motion to compel appraisal was referred to the undersigned for issuance of a Report and Recommendation, and the matter is ripe for review.

## II.   ANALYSIS.

In a diversity case, the substantive law of the forum state applies. *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1020 (11th Cir. 2014). "Under Florida law, an appraisal provision in an insurance policy is enforceable by a court upon a motion or a petition to compel appraisal." *Shealey v. Geovera Specialty Ins. Co.*, No. 6:18-cv-1635-Orl-31GJK, 2019 WL 1093447, at *1 (M.D. Fla. Jan. 10, 2019), *report and recommendation adopted*, 2019 WL 1161630 (M.D. Fla. Mar. 13, 2019) (citing *U.S. Fid. & Guar. Co. v. Romay*, 744 So. 2d 467, 468 (Fla. 3d Dist. Ct. App. 1999)). "Appraisals are creatures of contract." *Citizens Prop. Ins. Corp. v. Casar*, 104 So. 3d 384, 385 (Fla. 3d Dist. Ct. App. 2013) (citations omitted). Accordingly, whether the parties can be compelled to participate in the appraisal process depends on the provisions of the

---

Defendant to file a copy of the insurance policy with the Court. Doc. No. 23. On September 24, 2019, Defendant filed a certified copy of insurance policy PHPK1553961. Doc. No. 24-1. The parties agree that policy number PHPK1553961 is the policy at issue in this litigation. *See* Doc. No. 16, at 2; Doc. No. 1-1 ¶ 6.

policy. *J.P.F.D. Inv. Corp. v. United Specialty Ins. Co.*, No. 6:17-cv-1415-Orl-40GJK, 2017 WL 4685254, at *2 (M.D. Fla. Sept. 29, 2017), *report and recommendation adopted*, 2017 WL 4657721 (M.D. Fla. Oct. 17, 2017) (citations omitted).

"[A] dispute regarding a policy's coverage is a question for the Court." *Id.* However, when an insurer acknowledges that the loss is covered under the policy, a dispute regarding the amount of the loss is appropriate for appraisal. *See Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1025 (Fla. 2002) ("[W]hen the insurer admits that there *is* a covered loss, but there is a disagreement on the *amount* of the loss, it is for the appraisers to arrive at the amount to be paid."). The Court should compel appraisal whenever the parties have agreed to appraisal and "the court entertains no doubts that such an agreement was made." *Preferred Mutual Ins. Co. v. Martinez*, 643 So.2d 1101, 1103 (Fla. 3d Dist. Ct. App. 1994).

In this case, as set forth above, Defendant admits that the insured's property sustained a covered loss in connection with the July 4, 2017 claim. Doc. No. 16, at 2. Defendant maintains that the loss, however, was less than the applicable deductible. *Id.* Invoices attached to the notice of removal demonstrate that Plaintiff concluded that the total cost of repair was $182,598.26. Doc. No. 1-6. Because the parties dispute the amount of the loss, it is for the appraisers to arrive at the amount to be paid. *See Johnson*, 828 So. 2d at 1025–26; *see also McPhillips v. Scottsdale Ins. Co.*, No. 2:18-cv-421-FtM-99CM, 2018 WL 3805865, at *2 (M.D. Fla. Aug. 10, 2018) ("[B]ecause there is no dispute between the parties that the cause of at least some of the damage to the Property is covered under the Policy, the remaining dispute concerning the scope of the damage is not exclusively a judicial decision and may be appropriate for appraisal."). Accordingly, based on Defendant's request to compel appraisal pursuant to the subject insurance policy, and due to

Plaintiff's lack of opposition, I recommend that the Court find the relief requested in Defendant's motion to compel appraisal proper.

### III. RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** Defendant's Amended Opposed Motion to Compel Appraisal and to Stay Litigation and Discovery Pending Completion of Appraisal (Doc. No. 16);

2. **STAY** the case pending appraisal;

3. **ORDER** the parties to submit to appraisal in accordance with the insurance policy;

4. **ORDER** the parties to file a joint status report within ninety (90) days of the Court's Order on this Report and Recommendation, and every ninety (90) days thereafter;

5. **ORDER** the parties to immediately notify the Court upon completion of the appraisal process; and

6. **DIRECT** the Clerk of Court to administratively close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 30, 2019.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE